**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLEN OIL & GAS, LLC,

      Plaintiff-Appellant,

v.

MICHAEL KLISH; BRUCE
JOHNSON; DANIEL SKRABACZ;
ADRAN PHILLIPS,

      Defendants-Appellees.

No. 03-1082
(D.C. No. 01-N-1811)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Allen Oil & Gas, LLC, appeals the judgment of the district court dismissing its § 1983 complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and further refusing to grant plaintiff leave to amend its complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1332 and affirm.

Plaintiff was the operator of oil leases located in Routt County, Colorado. In the complaint, defendants are identified as members of the board of the Colorado Oil and Gas Conservation Commission (Commission). Plaintiff brought suit under 42 U.S.C. § 1983 alleging that defendants affected a taking of its property without due process in derogation of the Fifth Amendment when the Commission ordered some of plaintiff's wells plugged. Specifically, plaintiff alleged, *inter alia,* that defendants denied it the opportunity for a hearing before an impartial tribunal, prevented it from complying with Commission regulations, and continued a hearing without written notice to plaintiff.

In ruling on defendants' renewed motion to dismiss the complaint, the district court held that because plaintiff failed to allege any personal participation by defendants in the allegedly illegal acts, its complaint was subject to dismissal under Rule 12(b)(6). Because the court found it "patently obvious that the plaintiff cannot prevail under the alleged facts," Aplt. App. at 164, it further

-2-

denied leave to amend the complaint. Alternatively, the court held that defendants were shielded by qualified immunity.

Plaintiff takes issue with all three of these conclusions. We need not address the qualified immunity issue, however, because we find no error in the dismissal for failure to state a claim and in the refusal to allow amendment.

> This court reviews de novo the district court's dismissal under Rule 12(b)(6) for failure to state a claim. We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party. The district court's dismissal pursuant to Rule 12(b)(6) will be upheld only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998) (citations and quotation omitted).

In order to state a claim for relief under § 1983, plaintiff must show an affirmative link between defendants' conduct and the alleged constitutional violation. *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001). Here, the complaint makes no link between these individual defendants and the acts complained of. The complaint identifies defendants as members of the Commission, Aplt. App. at 8, but does not identify them as

-3-

members of the Commission during the relevant time period.[1]  The complaint does not allege how any or all of the defendants voted on matters concerning the wells. The complaint does claim that activities of a particular employee of the Commission injured plaintiff, but that individual is not named as a defendant. Further, there is no allegation that any of the defendants personally considered the allegedly improper intervention of this employee or allowed it to influence them.

In its opening brief, plaintiff correctly cites the law requiring personal participation in this type of suit but fails to ultimately show that defendants were directly involved in the acts that resulted in the claimed deprivation of rights. Merely saying that it has shown individual involvement on the part of each defendant does not make it so.  *See* Aplt. Br. at 17-18.

Plaintiff also correctly points to various theories of recovery which would state a claim for relief had the correct defendants been named or had these defendants been affirmatively linked to the alleged harm that befell plaintiff. Without the personal participation by each defendant, however, plaintiff's theories are of no avail.  Plaintiff cites *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994), for the proposition that even if the factual allegations made in a complaint fail to support the legal theory underlying the plaintiff's case, dismissal

_____

[1]     The statement in plaintiff's opening brief that the complaint alleged defendants  *were* members of the Commission is inaccurate.     *See* Aplt. Br. at 16.

is inappropriate. In *Barrett*, this court reversed a dismissal under Rule 12(b)(6) because, while the plaintiffs failed to state a RICO claim, they had adequately pleaded claims of "garden variety" fraud and conversion. There is no indication in *Barrett*, however, that the plaintiffs either failed to name the correct defendants or failed to allege personal participation by them.

Plaintiff's citation to *Stidham*, 265 F.3d 1144, is similarly unavailing. In *Stidham*, one of the defendants, the director of Utah's Peace Officer Standards and Training Division, argued that the claims against him must be dismissed because the plaintiff had failed to allege an affirmative link between his conduct and any constitutional violation. This court clarified that such a link is required to be alleged in the complaint as well as proven at trial. *Id.* at 1157. We refused to affirm the dismissal of the complaint against the director, however, because the plaintiff had sufficiently alleged wrongdoing on the part of the defendants as a group and had defined the director as part of that group. *Id.*

Although not part of the published opinion in *Stidham*, the complaint there clearly alleged that the defendant director was the director at the time of the acts complained of.[2] The complaint in the case at bar does not make a similar

---

[2]    We have ascertained this fact by taking judicial notice of the appellate record in *Stidham* which is still on file in this court.

allegation as to the named defendants and therefore does not state a claim upon which relief can be granted.

Finally, plaintiff argues that the district court erred in refusing to grant it leave to amend the complaint. In declining to grant leave to amend, the district court began by noting that defendants had pointed out plaintiff's failure to allege personal participation when they filed their motion to dismiss in the Southern District of Texas. Briefing on that motion was complete before the case was transferred to Colorado. We also note that defendants made the same argument in their renewed motion to dismiss filed in the district court on December 19, 2001. At the time of the district court's ruling here, January 24, 2003, discovery in the case was complete and the deadline for filing dispositive motions had passed without any request from plaintiff to amend the complaint. The district court concluded that "it is patently obvious that the plaintiff cannot prevail under the alleged facts and that an opportunity to amend would be futile." Aplt. App. at 164. We review this conclusion de novo. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239 (10th Cir. 2001).

We have reviewed the pleadings on file in this case and the other materials of record and agree that granting leave to amend would be futile. As noted above, plaintiff does not allege any personal participation by any of the defendants in its alleged injury. Plaintiff does not dispute that three of the four defendants were not

members of the Commission in March 1999 when the wells were ordered plugged. Despite being on notice that defendants would raise the issue of lack of personal participation, plaintiff did not request leave to amend its complaint until the district court was prepared to rule on defendants' renewed motion to dismiss. Even then, the district court found the request to be rather opaque: "There is some suggestion in the papers that the plaintiff should be given leave . . . to replead." Aplt. App. at 163. Further, plaintiff does not indicate in its filings in this court how it would amend the complaint to cure the noted defect. Under these circumstances, we find no error in the refusal of the district court to grant leave to amend.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge